### THE POWERS AND CONTROL OF AN OHIO CORPORATION.

THE BRADFORD BELTING CO. v. GIBSON.

Decided, June 2, 1903—68 Ohio State, p. 442.

*Powers of Boards of Trustees and Directors of Corporations—Section 3248, Revised Statutes—Directors Prima Facie Power to Make Contracts—Agent can not Enlarge his Authority by his Own Statement, When—His Statement not Competent Evidence, When—Error for Court to Charge Jury that Burden of Proof Rests With Secretary, When—Law of Corporations—Agency.*

1. The corporate powers, business and control of an Ohio corporation are required by Section 3248, Revised Statutes, to be exercised, conducted and controlled primarily by its board of directors; and *prima facie* the corporate power of making, or of refusing to perform, contracts on behalf of the corporation rests in the board of directors.

2. In the absence of express authority conferred upon its officers or agents, and of such a course of dealing with the world as clearly implies authority to do the controverted act, a corporation can be bound only by its board of directors.

3. An agent can not enlarge his own authority by an unauthorized representation as to its extent; and proof of the statement by the secretary of a corporation that the corporation would not perform a contract and that he was authorized by the directors and stockholders to so state, is not competent evidence to bind the corporation, without otherwise showing authority from the corporation to the secretary to make such statement in behalf of the corporation.

4. It is error to instruct the jury that if the secretary did make such statements that would be *prima facie* evidence that the directors had so decided, and the plaintiff would be authorized to consider that he had spoken by authority of the board of directors; and that if the jury should find that the secretary did make such

statements, the burden of proof would be upon defendant to show that the secretary had acted without the authority of the board of directors.

Error to the Superior Court of Cincinnati.

The defendant is error is a capitalist and contractor. She filed a petition against the plaintiff in error, in which she alleges that the defendant is a corporation, and for a first cause of action says:

"1. Plaintiff, for a first cause of action says: On or about March 9, 1897, plaintiff agreed with defendant to erect a large factory building on a certain lot in Cincinnati, according to plans and specifications then being prepared by architects, and to be thereafter agreed upon; and after its completion to execute to defendant a lease on the property for ninety-nine (99) years, renewable forever, with a privilege of purchase. And in consideration thereof, defendant agreed to accept said lease and pay an annual rental of five per cent. upon the total cost in quarterly installments, and to pay all taxes and assessments.

"Plaintiff proceeded to carry out said agreement on her part, and made contracts for said building, under which the old building on the site was removed, and sewers and water connections put in, and the cellar and trenches for the foundation dug, and costly material was contracted for and prepared, and while said contracts last named were being so carried out the defendant notified plaintiff to stop the further progress of the work, and that it would not enter into said lease.

"By reason of said repudiation of said contract by defendant, plaintiff was compelled to and did incur expense and loss of ten thousand four hundred and twenty-two dollars and fourteen cents ($10,422.14), for work done and material ordered and prepared, over and above its value as old material, as follows: Loss on material, eight thousand one hundred and ten dollars; architect's fees, seven hundred and fifty dollars; excavation, eight hundred and fifty dollars; Greensburg stone, four hundred and fifty-five dollars; plumber, one hundred and twenty-five dollars; permit, forty-one and fifty-five one-hundredth dollars; survey and title, ninety dollars; total, ten thousand four hundred and twenty-two dollars and fourteen cents.

"Wherefore, plaintiff asks judgment for $10,422.14 on the first cause of action with interest."

The defendant answered admitting that it is a corporation under the laws of Ohio, and denying each and every other allegation of the petition. On the trial it appeared that the plaintiff had

obtained from one Bradford a written agreement to convey to her for a cash consideration of $10,000, two lots in Cincinnati, and guaranteeing the title to be free, clear and unincumbered and acceptable to plaintiff's attorney; that Bradford died shortly after making said agreement and without having conveyed the said premises; that plaintiff did not notify Bradford that the title was acceptable to her nor tender the consideration for such conveyance; and that Bradford's heirs refused to convey. The evidence to prove the anticipatory breach of the contract by defendant as alleged in the petition consisted of certain alleged oral statements made at the plaintiff's office a short time after Bradford's death, by James L. Anspaugh, one of the directors and the secretary of the defendant corporation. This evidence was objected to by defendant on the ground that there was no evidence to show that Anspaugh was authorized to make the said statements. The objection was overruled and the defendant excepted to the said ruling and also to the charge of the court as to the effect of said evidence. Other facts appear in the opinion. The verdict and judgment were for the plaintiff and the judgment was affirmed by the general term; and this proceeding is prosecuted to reverse the judgment of the superior court in both special and general term.

*Lawrence Maxwell, Jr.*, and *Maxwell & Ramsey,* for plaintiff in error.

*T. C. Campbell, Bates & Meyer* and *B. M. ClenDening,* for defendant in error.

DAVIS, J.; BURKET, C. J., SPEAR, SHAUCK, PRICE and CREW, JJ., concur.

In order that the plaintiff might recover in this action, it was necessary that she should prove the allegation made in her petition, that while the contracts were being performed on her part, "the defendant notified plaintiff to stop the further progress of the work, and that it would not enter into said lease." This she attempted to do by testimony which tended to show that the secretary of the defendant corporation said, when asked by the plaintiff's agents whether the death of Mr. Bradford would make any difference in the carrying out of the contract by the defendant, that he would have to consult the stockholders and directors about

that, and that afterwards the defendant's secretary said to plaintiff's agents that the heirs of Mr. Bradford and the stockholders of the Bradford Belting Co. could not carry out the contract, and that they had directed him to so inform the plaintiff. There was no evidence of the authority of the secretary to speak for the corporation in this matter other than his alleged conversations as above stated; and that the defendant for that reason objected to the testimony relating to the alleged statements by the secretary and notice to the plaintiff by the defendant through him, that defendant would not perform the contract on its part; but the court overruled the objection and admitted the testimony. This evidence is the pivotal point in this case; and Mr. Anspaugh, the defendant's secretary, flatly contradicted the testimony as to the statements alleged to have been made by him. The court instructed the jury that if he did make such statements that "would be *prima facie* evidence that the directors had so decided, and the plaintiff would be authorized to consider that he had spoken by authority of the board of directors," and that "then the burden of proof would be upon the defendant to show that he had acted without the authority of the board of directors." The defendants produced its minute book, which did not show any action upon the subject, and the surviving directors each testified that the board of directors had never authorized any one to notify the plaintiff that the defendant would not carry out its contract.

The law relating to principal and agent is the same whether the principal be a corporation or a natural person. In either case the principal is bound only by the authorized acts of his agent. The extent of the agent's authority may be shown by the terms of the appointment, if they are explicit, or it may be shown by a course of dealing by which the agent is held out as having an authority which would include the act in question. "But in whichever way this is done, it can not be limited by secret instructions of the principal on the one hand, *nor can it be enlarged by the unauthorized representation of the agent on the other.*" *Mechanics Bank* v. *N. Y. & N. H. R. Co.,* 13 N. Y., 599, 632; *People's Bank* v. *St. Anthony's Church,* 109 N. Y., 512, 525. See *Smith* v. *N. & L. R. R.,* 27 N. H., 86, 97, 98; *Fay et al.* v. *Noble et al.,* 12 Cush. (Mass.), 1.

In this state the corporate powers, business and property of the corporation *must* be exercised, conducted and controlled by the board of directors (Section 3248, Revised Statutes); and *prima*

*facie,* the corporate powers of making or refusing to perform contracts on behalf of the corporation rests in the board of directors. Under our statutes there is nothing in the nature of a corporate office which would imply authority to perform, the functions which the statute imposes upon the board of directors as a board, not upon the directors individually. The corporation may by its regulations, so define the duties of its officers as to make them *alter ego* within the assigned limits (Section 3252, Revised Statutes). But in the absence of express authority, and of such a course of dealing with the world as clearly implies authority to do the controverted act, the corporation can be bound only by its board of directors. It appearing in this case, merely that Anspaugh was secretary of the company, and that (giving the utmost effect to the testimony) he represented·that he was authorized to speak for the board of directors, the trial court erred both in admitting the testimony which was objected to and in instructing the jury that those facts alone shifted the burden of proof to the defendant to show want of authority in the secretary; and the superior court in general term should have reversed the judgment for those errors.

The other questions which have been argued by counsel are not decided, because as to them the record seems to us to be incomplete and unsatisfactory.

*Judgment reversed.*