\*SECURITY MUTUAL LIFE INS. CO. v. J. M. SCHOTT & SONS CO.

·COOPERAGE CORPORATION CANNOT INSURE ITS DIRECTORS.

> A company incorporated for the purpose of manufacturing cooperage, cannot, through its secretary and manager, without the assent of' its board of directors, incur obligations for the purpose of insuring its directors, such action being foreign to its incorporation and the corporation leaving no·insurable interest in its directors.

ERROR to Hamilton common pleas court.

· **Herron, Gatch, Herron & James,** for plaintiff in error.
**John J. Gasser,** for J. M. Schott & Sons Co..
**Renner & Renner,** for the Brighton German Bank.
**Rogers Wright,** for A. Wolfsohn.
**Smith, Simonton & Hawke,** for C. B. Smith, trustee.

·GIFFEN, J.

The defendant in error, the J. M. Schott & Sons Co., was incorporated for the purpose of manufacturing cooperage, and unless the promissory note in suit was executed and delivered in furtherance of ·such purpose, either directly or incidentally, is unauthorized and void.

The insurant under each of the five policies was not indebted to the company, and under no obligation to it other than as stockholder, ·director or manager. The company was not investing surplus funds, but was incurring an obligation through its secretary and manager, without the assent of the board of directors, for the purpose of securing a policy of insurance for $5,000 on each of five directors, an object wholly foreign to its incorporation.

---

\*Affirming *Schott & Sons Co.* v. *Insurance Co.* 19 Dec. 249.

Insurance Co. v. Schott.

While it is true, as suggested by counsel, that each insurant might have taken out a policy, paid the premium, and made the corporation the beneficiary, yet in this case the applicant incurs no liability, and it is expressly agreed that the corporation shall pay all premiums, and did execute and deliver its note for the first two annual premiums.

We think that the company had no insurable interest in its directors, and if it did that the secretary and manager was unauthorized to enter into the contract without the assent of the board of directors. *Straus* v. *Insurance Co.* 5 Ohio St. 59; *Ryan* v. *Rothweiler,* 50 Ohio St. 595 [35 N. E. Rep. 679]; *Bradford Belting Co.* v. *Gibson,* 68 Ohio St. 442 [67 N. E. Rep. 442].

Judgment affirmed.