*MARMET CO. V. CINCINNATI (CITY).

1. ADVERTISEMENT OF LAND FOR LEASE IMMATERIAL AS TO MISTAKE IN DESCRIPTION IN LEASE.

A mistake having occurred in the description of land held under lease, it is immaterial that in the advertisement offering the land for lease it was described by both metes and bounds and by occupation, while in the lease as afterward executed it was described by metes and bounds only, since the description by metes and bounds would control that by occupation.

2. LESSEE MAY RESCIND LEASE UPON DISCOVERING MUTUAL MISTAKE IN LEASE.

A mistake in the description of leased premises may be material notwithstanding the lessee has not used the property for the purpose intended at the time the lease was executed; hence, its appearing that the mistake was mutual and that the lessee acted immediately upon discovering it, he is entitled to a rescission of the lease; but no recovery of rents paid can be had while the lessee was in possession and enjoyment of the premises previous to the discovery of the mistake.

ERROR to common pleas court.

*Kramer & Kramer*, for plaintiff.

*John R. Schindel*, for defendant:

Cited and commented upon the following authorities: *Capelli* v. *Dondero*, 123 Cal. 324 [55 Pac. Rep. 1057]; *Farley* v. *Bryant*, 32 Me. 474; *Bodwell* v. *Heaton*, 40 Kan. 36; *Kilbourn* v. *Fury*, 26 Ohio St. 153; *Warehouse Co.* v. *Ozment*, 132 N. C. 839 [44 S. E. Rep. 681]; *Gephart* v. *Belleman*, 12 Dec. 133; *Bush* v. *Hicks*, 60 N. Y. 298; *Gillespie* v. *Moon*, 2 Johns. Ch. (N. Y.) 585 [7 Am. Dec. 559]; *Winnipisseogee Lake Cotton & W. Mfg. Co.* v. *Perley*, 46 N. H. 83; *Knapp* v. *White*, 23 Conn. 529; *Wood* v. *Hubbell*, 10 N. Y. 479; *Baxter, In re,* 152 Fed. Rep. 137; *Park Bros. & Co.* v. *Blodgett & Clapp Co.*, 64 Conn. 28 [29 Atl. Rep. 133]; *Watson Coal Co.* v. *Casteel*, 68 Ind. 476; *Grymes* v. *Sanders*, 93 U. S. 55 [23 L. Ed. 798]; *Stearns*

---

*Affirmed, no op., *Cincinnati* v. *Marmet Co.* 85 O. S. 000; 56 Bull. 428.

v. *Beckham,* 31 Gratt. (Va.) 379; *Williamson* v. *Moore,* 13 Dec. Re. 19 (2 Dis. 30); *Hill* v. *Bush,* 19 Ark. 522; 2 Pomeroy (3 ed.) 856; *Shappirio* v. *Goldberg,* 192 U. S. 232 [24 Sup. Ct. Rep. 259; 48 L. Ed. 419]; *Farrell* v. *Bouck,* 61 Neb. 874 [86 N. W. Rep. 907]; *Farrell* v. *Bouck,* 60 Neb. 771 [84 N. W. Rep. 260]; *Keith* v. *Brewster,* 114 Ga. 176 [39 S. E. Rep. 850]; *Byers* v. *Chapin,* 28 Ohio St. 300; *Crist* v. *Dice,* 18 Ohio St. 536; *Hayes* v. *Skidmore,* 27 Ohio St. 331; *Anderson* v. *Tighe,* 57 Tenn. (10 Heisk.) 299; *Crowe* v. *Lewin,* 95 N. Y. 423; *Barfield* v. *Price,* 40 Cal. 535; *Coons* v. *North,* 27 Mo. 73; *Belknap* v. *Sealey,* 14 N. Y. 143 [67 Am. Dec. 120]; *Paine* v. *Upton,* 87 N. Y. 327 [41 Am. Rep. 371]; *Rowley* v. *Flannelly,* 30 N. J. Eq. 612; *Megie* v. *Bennett,* 51 N. J. Eq. 281 [27 Atl. Rep. 917]; *Irwin* v. *Wilson,* 45 Ohio St. 426 [15 N. E. Rep. 209]; *Jamaica* v. *Hart,* 52 Vt. 549; *Cowell* v. *Springs Co.* 100 U. S. 55 [25 L. Ed. 547]; *Oregonian Ry.* v. *Railway & Nav. Co.* 22 Fed. Rep. 245; *Oregonian Ry.* v. *Railway & Nav. Co.* 27 Fed. Rep. 277; *Marmet* v. *State,* 45 Ohio St. 63 [12 N. E. Rep. 463]; *State* v. *Baker,* 55 Ohio St. 1 [44 N. E. Rep. 516]; *Cincinnati* v. *Connor,* 55 Ohio St. 82 [44 N. E. Rep. 582]; *Thomas* v. *State,* 76 Ohio St. 341 [81 N. E. Rep. 437; 10 L. R. A.. (N. S.) 1112; 118 Am. St. Rep. 884]; *Douglass* v. *Pike Co.* 101 U. S. 677 [25 L. Ed. 968]; *Ohio Life Ins. Co.* v. *Debolt,* 57 U. S. (16 How.) 416 [14 L. Ed. 997]; *Gelpecke* v. *Dubuque,* 68 U. S. (1 Wall.) 175 [17 L. Ed. 520]; *Cincinnati, W. & U. Ry.* v. *Clinton Co.* (*Comrs.*) 1 Ohio St. 77; *Strang, Ex parte,* 21 Ohio St. 610; *State* v. *Gardner,* 54 Ohio St. 24 [42 N. E. Rep. 999; 31 L. R. A. 660]; *Poston* v. *Jones,* 2 Ired. (N. C.) Eq. 350; *Cheairs* v. *Coats,* 77 Miss. 846 [28 So. Rep. 728; 78 Am. St. Rep. 546]; *Forbus* v. *Collier,* 7 Dec. Re. 331 (2 Bull. 122); *Crawford* v. *Jones,* 54 Ala. 459.

## GIFFEN, P. J.

The plaintiff seeks to recover rents paid under a lease from the city and to cancel the lease upon the ground of a mutual mistake in including in the description a piece of land not owned by the city, and which was material and essential to the use intended by the plaintiff.

Marmet Co. v. Cincinnati.

The four tracts of land conveyed being each described by metes and bounds in the advertisement for proposals as well as in the lease it is immaterial that the lease failed to show as did the advertisement that the property is "now occupied by the Winifrede Coal Co." because the particular description by metes and bounds would control that in general terms by occupation.

In the case of *Smith* v. *Galloway*, 5 B. & Ad. 43, the syllabus is as follows:

"Under a lease of all that part of the park called B situate and being in the county of O and now in the occupation of S, lying within certain specified abuttals, with all houses and etceteras belonging thereto, and which now are in the occupation of S, a house on a part which is within the abuttals, but not in the occupation of S, will pass."

The description by metes and bounds of each tract was definite and certain, and the recital that the premises thus described were in the occupancy of the Winifrede Coal Co., was insufficient of itself to put the plaintiff on inquiry. It must be determined therefore from all the evidence whether there was a mutual mistake, whether material, and whether the plaintiff acted promptly on discovery.

If, as claimed by counsel for defendants in his brief, "the plaintiff knew what property the Winifrede Coal Co. occupied, and supposed that the property described in the advertisement by metes and bounds was the property which said company occupied," then it would be entitled to no relief, as it would be claiming property under the lease that it never expected to get and the defendants never intended to lease.

The officers of the plaintiff company who negotiated the lease deny all this, and say that they relied on the description by metes and bounds and that the premises were not available for the use intended without the particular piece in dispute, and we think this testimony is corroborated by the circumstances; but whether the company afterwards acquiesced is not so clear. The testimony of Mr. Jones, manager of the Winifrede Coal Co., shows that there was a high board fence dividing the property occupied by the company from that in dispute occu-

Hamilton County.

pied by the B. & O. S. W. Ry. Co., and that he knew that it substantially represented the boundary line; but it does not appear that he communicated this knowledge to Mr. Marmet and Mr. Kleybolte, president and vice-president of the plaintiff company, when they together viewed the premises a few days after the bids for the leasehold were opened. He also pointed out to them at that time adjacent property leased to his company by parties other than the city, but he did not attempt to describe that which was acquired from the city.

Mr. Baird, president of the Winifrede Coal Company, was also present at this meeting, and it appears from his deposition that he "made a mistake that the railroad track did not belong to the Winifrede Coal Co., it was owned by the Baltimore & Ohio Railway and had been put in for our convenience." This is not a denial of ownership of the land upon which the track was laid, and Marmet and Kleybolte might well assume that if the track was laid for the convenience of the Winifrede Co., the latter owned the land.

The admission of C. G. Roth, Jr., as auditor of the Marmet Co., in the letter of December 9, 1903, is not binding on the corporation in the absence of express authority to make the same or a course of dealing from which it may be implied. *Bradford Belting Co. v. Gibson*, 68 Ohio St. 442 [67 N. E. Rep. 888].

If, as claimed by counsel for the defendants, it was the duty of the plaintiff to examine the records or otherwise verify the description, then the company was negligent and not entitled to the relief asked; but we do not understand that under a lease containing a pertinent description of the land and a covenant for quiet enjoyment, the lessee is bound at his peril to search the records or examine the property. The mistake of the defendants, who are presumed to know the boundaries and extent of the city's property, is apparent, yet they did not discover it until this controversy arose. With greater reason therefore the sincerity of the plaintiff in claiming to be misled by the mistake should not be doubted, unless the circumstances require it; and this we find to be not the case, although there are facts seemingly leading to a different conclusion. The evidence shows the mistake to be material although the plaintiff did not,

Marmet Co. v. Cincinnati.

for business reasons, use the property in the manner originally intended, and that it was not actually discovered until a short time before suit was brought. It follows therefore that the plaintiff is entitled to a rescission of the contract. *Hayes* v. *Skidmore*, 27 Ohio St. 331. The plaintiff is not entitled, however, to recover the rents already paid, as it was in the possession of and enjoyed the entire premises until discovery of the mistake, and the rents were paid by reason thereof and not under a mistake of fact. *Clark* v. *Potter*, 32 Ohio St. 49.

Decree accordingly.

**Smith** and **Swing, JJ.**, concur.