MEALS, J., and GRANT, J., concur.

---

### RENTAL NOT RECOVERABLE UNDER A LEASE IMPERFECTLY EXECUTED.

Court of Appeals for Hamilton County.

THE H. S. HAMBERGER COMPANY v. MILLER BROTHERS & COMPANY.*

Decided, February 1, 1916.

*Assignment of Lease Within the Statute of Frauds—Parol Testimony as to Modification of Terms of the Lease which it is Sought to Transfer Not Admissible—Tender of an Imperfectly Executed Lease Does Not Constitute Performance.*

1. The assignment, not yet performed, of a written lease of real property is within the statute of frauds, and oral evidence of a modification of the terms of the transfer is inadmissible in an action for rental under the lease.
2. The assignment of a lease is as necessary to performance of a contract to transfer as is delivery of possession of the property, and performance can not be claimed where an imperfect assignment was the only one proffered.

*Murray Seasongood* and *Robert P. Goldman,* for plaintiff in error.

*Alfred B. Benedict,* contra.

JONES (Oliver B.), J.

This action is for the recovery of one-half month's rent from June 15 to July 1, 1914, and for a proportionate share, for the same period, of an annual bonus for the transfer of a lease of the premises at 624 to 628 Race street, Cincinnati, made by

---

*Motion to require the Court of Appeals to certify its record overruled by the Supreme Court, April 25, 1916.

Mary T. Harrison and others to H. S. Hamberger and formerly occupied by the H. S. Hamberger Company and assigned by it under the terms of a written option to Miller Brothers & Company, who now occupy these premises. This option was accepted in writing May 15, 1914. The written agreement made by this option and its acceptance provided that plaintiff might vacate said premises any time within thirty days from its acceptance, with privilege of further time up to thirty days more, and assign the lease and turn over possession of the building.

At the close of plaintiff's evidence the court instructed a verdict for defendant and rendered judgment thereon. Plaintiff prosecutes error to this court.

The petition alleges that the lease was duly assigned by H. S. Hamberger to plaintiff, the H. S. Hamberger Company, and by it duly assigned to defendant, and tendered to defendant on June 13, 1914, and again on June 15, 1914. These allegations are denied by the answer. Plaintiff, however, admits that a small part of the leased premises were occupied by its sub-tenant, one Kamp, who carried on a cigar stand therein, renting from month to month and remaining in possession until July 1, 1914. But in the petition plaintiff pleads the original contract was by agreement of the parties modified so that plaintiff agreed to give up possession on June 15, 1914, of all said premises except that part occupied by Kamp and defendant agreed to so accept possession of the premises subject to such occupation by Kamp; and it was alleged that this modified agreement was duly performed. Defendant in the answer denied this modification of the contract, and denies that it took possession of the premises June 15, 1914, with Kamp still in possession of said cigar stand therein.

It developed on the trial that plaintiff relied solely upon oral evidence to prove this alleged modification of the written contract. After some evidence tending to show such modification had been submitted, the trial judge ordered stricken out of the record all evidence relating to such oral modification, and refused to permit plaintiff to prove such modification by further evidence. Plaintiff excepted to this ruling of the trial judge, and complains of it here as the principal error relied upon.

What is called the fourth section of the statute of frauds is now found in Section 8621, General Code, as follows:

"No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements or hereditaments, or interest in, or concerning them; * * * unless the agreement upon which such action is brought or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

*Kling* v. *Bordner,* 65 O. S., 86, holds that the written memorandum of agreement required by the statute is not sufficient, unless it contains the essential terms of the agreement expressed with such clearness and certainty in the writing itself, or other writings to which it may refer, that the contract can be established without the necessity of resorting to parol proof.

. *Clark* v. *Guest,* 54 O. S., 298, also decides this question squarely. Its syllabus closes as follows:

"A verbal extension of the time within which to take off such timber is within the statute of frauds, and to be valid must be in writing; that such verbal extension of time, reliance thereon, and consequent delay in taking off such timber, is not such fraud as will take the case out of the statute."

Judge Burket, on pages 306 and 307, uses this language:

"The circuit court found as its conclusion of law upon the facts found, that it would be a fraud upon the defendant in error to revoke such verbal extension of time; and that the case was therefore taken out of the statute of frauds. This is not tenable. The statute was enacted to prevent frauds and perjuries. The law-making power knew that frauds and perjuries would be practiced with or without the statute, but it was thought that less harm would come from enacting and enforcing the statute, than otherwise. The only exceptions to the statute, engrafted therein by judicial interpretation, if not by judicial legislation, that can be justly defended, are cases in which the acts of both parties are such as to imply a contract with substantially the same certainty as would be shown by a written memorandum, as in the case of a verbal sale of lands followed by a delivery of possession to the purchaser, and valuable permanent improvements made by him with the knowledge of the vendor.

"To say that to refuse to carry out a verbal purchase of standing growing trees is a fraud on part of the owner of the trees, is to disregard the statute, and in effect a repeal thereof. * * * He had no legal right to rely upon the verbal contract, and where there is no right there can be no fraud. If he intended to rely upon the extension of time he should have caused the contract therefor to be reduced to writing. The statute was enacted to protect men in their property rights and it should be enforced unless in cases clearly within some of the well established exceptions."

*Broom's Legal Maxims,* 8th Edition, star page 888, states the rule thus:

"Where a contract is required to be in writing by the statute law, it clearly can not be varied by any subsequent verbal agreement between the parties; for, if this were permitted, the intention of the Legislature would be altogether defeated. A contract, for instance, falling within the fourth section of the statute of frauds, can not be waived and abandoned in part; for the object of the statute was to exclude all oral evidence as to contracts for the sale of land; and, therefore, any contract sought to be enforced must be proved by writing only; and if such a contract could be verbally waived in part, the new contract between the parties would be proved partly by the former written agreement and partly by the new verbal agreement. And this reasoning applies also to a contract for the sale of goods falling within the operation of the seventeenth section of the same statute. Such a contract can not be varied or altered by a subsequent verbal agreement."

See also, *Burdick on Sales,* 35; *Benjamin on Sales* (6th Ed.), Section 216; and the leading case of *Goss* v. *Lord Nugent,* 5 B. and Ad., 58.

Brown on the Statute of Frauds thus states the rule in Section 411:

"It seems to be well established that where a contract, affected by the statute, has been put in writing, and the plaintiff, in a case of subsequent oral variation of some of the terms of the written agreement, declares upon the writing qualified by the oral variation, he can not prevail. The decision in *Cuff* v. *Penn,* one of the earliest and most important cases of this class, was in fact to the contrary; but from the report the point does not seem to have been distinctly in the mind of the court, the

whole stress of the opinion bearing upon another position; and later English and American authorities have conclusively settled the rule as above laid down.''

The court was therefore right in holding that this contract which was within the statute of frauds could not be varied by parol.

Nor does the case of *Negley* v. *Jeffers*, 28 O. S., 90, relied upon by plaintiff, hold otherwise. In that case the deed to the real estate had been executed and the title passed and subsequently a modification in the manner of payments made by parol was sustained, the court distinctly holding that such a contract was not within the statute of frauds. (Syl. 6, 7 and 8.) This case was so understood and cited in the note to Section 421 of Browne on Statute of Frauds.

A written contract for the sale of land, where possession has not been delivered, may be rescinded by an oral agreement (*Jones* v. *Booth*, 38 O. S., 405). Such rescission can be proved by parol. So, of course, can complete performance of such a written contract. Likewise, the plaintiff may always show a substituted performance instead of that required by the original contract, when that performance has been actually and fully had and has been accepted by the other party in full substitution for such original terms, but it does not permit proof that such written contract is to be varied by parol where it is not yet performed.

This doctrine of substituted performance is stated in Browne on Statute of Frauds, Section 423, as follows:

''  *  *  *  performance, according to the orally substituted terms, is available to either party in like manner as would have been performance, according to the original contract. This is manifestly not to enforce an oral agreement within the statute of frauds, even by way of defense; the oral stipulation is relied upon simply by way of accord and satisfaction; it is relied upon for the purpose of proving performance alone, which is thus, so to speak, dissociated from the contract itself. And in this sense and for this purpose, there is no difficulty in accepting the distinction asserted between the contract which is within the purview of the statute, and the performance, which is not.''

Leading cases on substituted performance are found in *Leather-Cloth Co.* v. *Hieronimus*, L. R., 10 Q. B., 140; *Swayne* v. *Seamans*, 9 Wall. (U. S.), 254.

If defendant could be shown to have accepted the lease and actually taken possession of the premises on June 15 with Kamp still in, as a substituted performance of this contract, plaintiff might recover.

The position of the plaintiff, however, is somewhat equivocal. After alleging in the petition the fact that Kamp occupied part of the premises with his cigar stand during the month of June and that defendant agreed thereto, plaintiff says:

"The defendant refused to accept tender of the key and assignment of the lease made as aforesaid June 13, 1914, and again June 15, 1914, but nevertheless took possession of said premises on June 15, 1914, and has been in occupation of the same ever since."

And again:

"The defendant further claims not to have taken possession of said premises until July 1, 1914."

Plaintiff undertook to show by evidence that certain acts of Mr. Fanning, defendant's general sales manager, and of Mr. Hobelman, his window trimmer and utility man, operated as a taking of possession of the premises by defendant or at least tended in that direction so far as to require a submission to the jury.

It must be conceded, though, in the first place, that there is nothing in the evidence to show the authority of either of these men to act for or to bind defendant as his agent in this matter under the rule laid down in *Bradford Belting Co.* v. *Gibson*, 68 O. S., 442.

The evidence shows without dispute that Mr. Grote, who furnished men and teams for the purpose, moved out from the premises shelving, piping and other things for plaintiff and was so engaged until at least June 20th; that Fanning and Hobelman acted for defendant in the matter only so far as to see that none of the tables, chairs and other chattel property which plaintiff

had sold to defendant and which remained in the premises, were taken, and that such other movables and fixtures as did not belong to the building were not left to be in the way of defendant. The painting of plaintiff's removal sign by Hobelman and the taking of it down, had nothing to do with the case. Nor do we find in the record any evidence tending to show that defendant went into possession of the premises before July first. In fact, it rather appears that plaintiff does not really claim that defendant actually took possession of the premises on June 15, with Kamp still in possession of the cigar stand, but rather that after Fanning had misled plaintiff into believing he would do so and thus caused him to sacrifice his property by a hurried sale, because of a carpenters' strike or for some other reason, defendant refused to carry out his oral contract and did not take possession until July 1st.

But an assignment of title was as essential to performance as delivery of possession. It is admitted defendant did not receive an assignment of the lease before that date. True, an assignment was executed by plaintiff June 13, 1914, and tendered to defendant on that day, and also on June 15, 1914; but that assignment was executed by the H. S. Hamberger Company, while the lease was made by H. S. Hamberger. There had been an agreement by H. S. Hamberger to convey same to the H. S. Hamberger Company, which was shown by the minutes of that company. But until that agreement had been carried out and the assignment duly executed, defendant was justified in refusing to accept the proffered transfer to him from the company as is would not confer a complete legal title.

A careful consideration of the record fails to disclose any error to the prejudice of plaintiff, and the judgment is therefore affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.