## SCOLLAN v. LAMMERS ET AL.

*Agency — Authority to bind principal — Salesman releases right to mechanic's lien — Principal not estopped to deny authority.*

A salesman whose only duty is to sell and execute contracts for the sale of goods of a corporation, not being an officer of or collector for the company, has no power to sign on behalf of his principal an instrument releasing all rights of the company to a mechanic's lien on goods sold by such agent; and in such case the corporation is not estopped from denying such authority.

(Decided March 28, 1921.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. John O. Eckert* and *Mr. Jackson Sparrow,* for plaintiff.

*Messrs. Ellis & Keadin* and *Messrs. Kramer & Bettman,* for defendants.

HAMILTON, P. J. This is an action to foreclose a mechanic's lien on the property of defendant Lammers, brought by the plaintiff against Lammers, and others claiming to be lienholders.

One of the defendants, The Peck, Hannaford & Peck Company, filed a cross-petition in the case, setting up a mechanic's lien filed by it on the premises. Lammers filed an answer to the cross-petition of The Peck, Hannaford & Peck Company, claiming that prior to the filing of the lien the company had furnished him a certain release, signed by it, whereby for a valuable consideration it released all right to a mechanic's lien, and claiming further that the taking of the lien set up in the cross-petition was irregular and unlawful, and without effect, and ask-

ing the release and discharge of the lien and for damages on account of the filing thereof.

The Peck company denied the execution of the release, which it appears bears the signature of The Peck, Hannaford & Peck Company, per C. A. Keith. The authority of Keith to sign the release is the sole question before us.

The law as laid down in the case of *Bradford Belting Co.* v. *Gibson,* 68 Ohio St., 442, is that in the absence of express authority conferred upon its officers or agents, and of such a course of dealing with the world as clearly implies authority to do the controverted act, a corporation can be bound only by its board of directors. Neither can an agent enlarge his own authority by an unauthorized representation as to its extent. Keith who signed the release was merely a salesman for the company, with authority to enter into contracts of sale for the company. He was with the company for some years, and the evidence is undisputed that this was his sole duty under his employment. He states in his own evidence that he had no authority to sign the release, but merely did so thinking he would help the company get its money.

The question remaining is: Did the company by a course of conduct estop itself from denying the agent's authority to sign the release? The rule as laid down in *General Cartage & Storage Co.* v. *Cox,* 74 Ohio St., 284, at page 294, quoting from the case of *Johnson* v. *Milwaukee & Wyoming Investment Co.,* 46 Neb., 480, is:

"Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages,

and the nature of the particular business, is justified in assuming that such agent is authorized to perform on behalf of his principal a particular act, such particular act having been performed the principal is estopped as against such innocent third person from denying the agent's authority to perform it."

In the instant case the company sent out its salesman, Keith, to sell its goods, and to contract for the same. He procured this contract for the installation of a heating system in the premises in question, and signed a contract therefor. He had no other duties to perform with reference to the contract. He was not the superintendent of installation, and had never been such. He was not the collector of any money due under the contract; was not an officer of the company; and had been held out to the public by the company as their salesman only, with authority to make contracts for their goods. His contract was made with a principal contractor, and he only indirectly came in contact in a business way with the defendant Lammers. The facts do not justify the claim of a holding out of agency, or establish a course of conduct estopping the company from denying authority on the part of Keith to sign the release.

Keith being without authority to sign the release, the release is invalid; and this being the only objection to the lien claimed, the lien is good.

*Judgment accordingly.*

CUSHING and BUCHWALTER, JJ., concur.