KRAUS v. THE CINCINNATI TOBACCO WAREHOUSE CO.

*Principal and agent—Proof to establish relation—Declaration of alleged agent inadmissible—Advancing funds to purchase goods not proof of agency.*

1. A declaration of an alleged agent is not admissible as evidence to show agency.

2. An agreement between two parties whereby one is to advance funds to the other for the purchase of merchandise to a limited amount, and a deposit made by the latter with the former for the credit, and the use of the draft of the former by the latter, are not evidence tending to establish the fact that the party purchasing the merchandise is doing so as agent for the other.

(Decided June 19, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Galvin & Bauer,* for plaintiff in error.
*Messrs. Ernst, Cassatt & Cottle* and *Mr. Milton H. McLean,* for defendant in error.

HAMILTON, P. J. On February 10, 1919, the plaintiff in error entered into a contract, in writing, with one C. Thomas, for the sale of his crop of tobacco, to be delivered to Thomas' warehouse, at Harrison, Ohio. The contract was signed "C. Thomas" and "George Kraus." The contract does not mention the defendant in error.

The tobacco was delivered to the warehouse at Harrison, as per the contract, and Thomas gave Kraus a draft on The Cincinnati Tobacco Warehouse Company, Cincinnati, Ohio, for the value of the tobacco.

Kraus failed to present the draft for payment for some time, the delay being due, so he states, partly to his illness.

Plaintiff in error seeks to hold The Cincinnati Tobacco Warehouse Company as principal, claiming that Thomas purchased the tobacco as the agent of the warehouse company.

There is some testimony to the effect, that Thomas represented himself to plaintiff in error as buying for The Cincinnati Tobacco Warehouse Company, and this, and the fact that Thomas used the blank draft of the warehouse company, are the only circumstances which might be claimed as tending to show agency.

The trial court instructed the jury for the defense, and it is claimed that this was error as there was some evidence tending to support the claim of agency.

The law is that declarations of an agent are not admissible to show agency. *Williams* v. *Stearns,* 59 Ohio St., 28; *Bradford Belting Co.* v. *Gibson,* 68 Ohio St., 442, and *General Cartage & Storage Co.* v. *Cox,* 74 Ohio St., 284.

It appears from the plaintiff's evidence that Thomas had an agreement with The Cincinnati Tobacco Warehouse Company, under which it agreed to advance funds to Thomas to purchase tobacco, to a limited amount, and he, Thomas, made a deposit with the warehouse company for this credit. This could be nothing more than an agreement between Thomas and the warehouse company to furnish credit to Thomas, and does not tend to establish the fact that Thomas was buying the tobacco as the agent of the warehouse company.

It could not be inferred from the use of the draft of the warehouse company, under this arrangement, that the relation of agent and principal existed between them, any more than it could be inferred that an arrangement with a bank for credit and the use of blank drafts of the bank created a debtor an agent of the bank for all purposes for which the money was to be used.

From a reading of the record we are unable to find any evidence tending to prove the agency, and, since the case turns on this question, the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.